UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMMY LYNN SOTO,

        Petitioner,         Case Number 18-13676
v.         Honorable David M. Lawson

GREGORY SKIPPER,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS
AND HOLD PETITION IN ABEYANCE**

Petitioner Timmy Lynn Soto, a prisoner presently confined at the Michigan Reformatory in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petitioner also filed a motion in which he asks the Court to stay all proceedings in the case and hold the petition in abeyance while he exhausts state court remedies on several claims that were not raised in the present petition. However, the Court finds that the petitioner has sufficient time to exhaust his state court remedies before the statute of limitations expires on his right to file a petition under section 2254, and therefore there is no need to stay this case. The Court will deny the petitioner's request to hold his petition in abeyance.

The petitioner must now choose whether he will proceed with the present petition as filed, or dismiss the petition without prejudice and return to seek his remedies on his unexhausted claims in state court. If he proceeds with the present petition, he may be prevented from raising additional issues in a later, second petition. If he dismisses his present petition without prejudice, he may return to state court to file a post-conviction motion, and then file a new petition later, raising all of his issues if he loses in state court. The one-year statute of limitations is suspended while a properly-filed motion for post-conviction relief is pending in state court, 28 U.S.C. § 2244(d)(2),

and it starts running again when there is a final decision on his state court post-conviction motion. The petitioner must choose which way he will proceed by December 28, 2018.

I.

The petitioner pleaded guilty in the Wayne County, Michigan circuit court and was convicted on charges of second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. On December 1, 2016, the state court imposed a sentence of 38 to 80 years in prison for the murder conviction and a consecutive sentence of two years on the gun count. The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals which initially was granted, but on November 16, 2017 the grant of leave was rescinded after the prosecutor filed a motion for reconsideration. The petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on May 1, 2018. *People v. Soto*, 501 Mich. 1062, 910 N.W.2d 281 (2018).

On November 21, 2018, the petitioner filed the present habeas corpus petition, raising claims that (1) the trial court erred by sentencing him to a prison term beyond the range agreed to by the parties in the plea agreement, and subsequently denying his request to withdraw his guilty plea, and (2) the judgment of sentence was erroneous because the trial court imposed a term of 66.6 years in prison during the sentencing proceeding, but the judgment indicated a term of 80 years in prison. Both of those grounds were raised in the petitioner's applications for leave to appeal in the state courts. In his present motion he now asks the Court to hold the habeas proceeding in abeyance to allow him to raise several new claims, which he intends to present in a post-judgment motion in state court, premised on the ineffective assistance of his trial and appellate counsel and alleged inaccuracies in the transcription of the record in the state court that he says have made it impossible for him to secure a full and fair review of the convictions.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)). The petitioner must exhaust his state court remedies on all his claims, and a "mixed" petition — that is, one containing both exhausted and unexhausted claims — is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

The petitioner must exhaust his state court remedies on his claims as long as there still is a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, Soto may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502; there is still time to do so before the habeas statute of limitations runs out. If that motion is denied, he may seek review by the Michigan Court of

Appeals and the Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A habeas corpus petition must be filed within one year of the date a prisoner's conviction becomes final. 28 U.S.C. § 2244(d)(1). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). The federal court, under certain circumstances, then may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

But Soto has not shown that he lacks enough time to file and obtain rulings on his anticipated post-conviction motion. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a later, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). In this case, however, the limitations period should not pose a problem if the petitioner diligently pursues his state court remedies. The Michigan Supreme Court denied the petitioner's application for leave to appeal on May 1, 2018. The petitioner's convictions then became final ninety days later, on July 30, 2018, when the time during which he could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced the following day, July 31, 2018. *See*

*Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed his present petition and his motion to stay the proceedings on November 21, 2018, more than eight months before the expiration of the limitations period on July 31, 2019. If the petitioner promptly files an appropriate post-conviction motion in the state court, then the remaining portion of the limitations period should allow him ample time to re-file his petition including the exhausted and unexhausted claims, after the conclusion of any proceedings on his motion in the state trial and appellate courts, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "a post-conviction or collateral proceeding toll[s] the [AEDPA] statute of limitations, but does not restart it." *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014) (citing 28 U.S.C. § 2244(d)(2)).

III.

If the petitioner chooses to dismiss his present petition without prejudice, he should observe the following cautions: (1) The one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed" and addresses "the pertinent judgment or claim[s]." 28 U.S.C. § 2244(d)(2); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). (2) An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). (3) These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Ibid.*

Because the petitioner has time to return to state court without jeopardizing his habeas filing deadline in federal court, the Court will deny his stay request.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 3) is **DENIED**. The Court advises the petitioner that if he does not desire to have the Court adjudicate his original petition as filed, then he may seek a dismissal without prejudice of the original petition.

It is further **ORDERED** that if the petitioner desires voluntarily to dismiss his petition, then he must do so **on or before January 3, 2019**. If the petitioner does not voluntarily dismiss the petition by that date, then the Court will proceed to adjudicate the petition as filed.
.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Date:   December 6, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 6, 2018.

                       s/Susan K. Pinkowski
                       SUSAN K. PINKOWSKI